# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BGX E-HEALTH LLC, a Delaware
Limited Liability Company,

    Plaintiff,

vs.

DARREN NEIL MASTERS, individually;
JOHN LUMLEY, individually; PAULO
JORGE MEIRIM RODRIGUES
BRANCO, individually; GRANITE
INVESTMENT GLOBAL US, LLC; SN-
SCP, LLC; CW FINANCIAL
CONSULTING, LLC; BLUE TRIANGLE
CAPITAL, LLC; PBI COMMODITY
TRADERS LTD; and PBI COMMODITY
BROKERS K2018447557

    Defendants.
_____/

CASE NO:

**JURY TRIAL DEMANDED**

## PLAINTIFF'S COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, BGX E-HEALTH LLC, a Delaware Limited Liability Company ("BGX") hereby files this Complaint against Defendants, DARREN NEIL MASTERS, individually ("Masters"); JOHN LUMLEY, individually ("Lumley"); PAULO JORGE MEIRIM RODRIGUES BRANCO, individually ("Branco"); GRANITE INVESTMENT GLOBAL US, LLC ("GIG"); SN-SCP, LLC ("SN"); CW FINANCIAL CONSULTING, LLC ("CW"); BLUE TRIANGLE CAPITAL, LLC ("BTC"); PBI COMMODITY TRADERS LTD ("PBI Traders"); and PBI

1

COMMODITY BROKERS K2018447557 ("PBI Brokers"), for unjust enrichment and money had and received, and in support thereof states as follows:

## PARTIES

1. BGX is a limited liability company organized under the laws of the State of Delaware and authorized to do business in the State of Florida. BGX's sole member is Relevium Technologies Inc., a Canadian corporation with its principal place of business in Canada.

2. Masters is an individual who resides in Naples, Collier County, Florida. Masters is a citizen of Florida.

3. Lumley is an individual. Upon information and belief, Lumley is a citizen of Connecticut.

4. Branco is an individual. Upon information and belief, Branco is a citizen of either South Africa or the United Kingdom.

5. GIG is a limited liability company organized under the laws of the State of Florida with its principal place of business located at 13180 Livingston Road, Suite 201, Naples, Florida 34109. Upon information and belief, Masters is the sole member of GIG.

6. SN is a limited liability company organized under the laws of the State of Florida with its principal place of business located at 13180 Livingston Road, Suite 201, Naples, Florida 34109. Upon information and belief, Masters is the sole member of SN.

7. CW is a limited liability company organized under the laws of the State of Florida with its principal place of business located at 9180 Galleria Ct, Suite 800, Naples, Florida 34109. Upon information and belief, Masters is the sole member of CW.

8. BTC is a limited liability company organized under the laws of the State of Florida with its principal place of business located at 13180 Livingston Road, Suite 201, Naples, Florida 34109. Upon information and belief, Masters, Lumley, and Jeffrey M. Greenman are the only members of BTC, and Jeffrey M. Greenman is a citizen of New York.

9. Upon information and belief, PBI Traders is a company organized under the laws of the United Kingdom with offices located in Leeds, West Yorkshire.

10. Upon information and belief, PBI Brokers is a company organized under the laws of South Africa with offices located in Craighall Park, Randburg.

**JURISDICTION AND VENUE**

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this judicial district.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity among the opposing parties and the amount-in-controversy exceeds $75,000.

## FACTUAL ALLEGATIONS

13. BGX entered into an agreement with certain hospital systems to supply medical goods.

14. Branco, PBI Traders, and PBI Brokers (collectively, the "PBI Defendants") worked with BGX to organize and broker a deal between BGX and Masters, Lumley, GIG, SN, CW, and BTC (collectively, the "SN Defendants"), for the purchase of medical goods.

15. As part of that deal, in November 2020, BGX deposited $11,564,520 into SN's bank account as payment for the purchase of the medical goods (the "Payment").

16. Shortly thereafter, SN, without authorization, distributed to the PBI Defendants and the SN Defendants funds from the Payment.

17. The PBI Defendants and the SN Defendants failed to provide the purchased medical goods to BGX.

18. BGX has demanded that the PBI Defendants and the SN Defendants return the Payment.

19. As of the date of this Complaint, the PBI Defendants and the SN Defendants have failed to return the Payment or to take acts sufficient to return the Payment.

20. On information and belief, the PBI Defendants and the SN Defendants have taken and utilized at least some of the Payment for additional unauthorized

purposes, and sent these funds outside the United States to additional accounts unknown.

21. BGX has been damaged by the PBI Defendants and the SN Defendants actions.

22. BGX has retained the undersigned law firm to represent it in this action and is obligated to pay the firm its reasonable expenses and costs, including attorney and paralegal fees, incurred in this action.

## COUNT I
## UNJUST ENRICHMENT
### (against the PBI Defendants and the SN Defendants)

23. BGX realleges and incorporates the allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

24. BGX conferred a benefit upon the PBI Defendants and the SN Defendants.

25. The PBI Defendants and the SN Defendants had knowledge of the benefit.

26. The PBI Defendants and the SN Defendants voluntarily accepted and retained the benefit.

27. The PBI Defendants and the SN Defendants failed to provide the purchased medical goods to BGX.

28. It would be inequitable for the PBI Defendants and the SN Defendants to retain the Payment.

WHEREFORE, BGX respectfully asks the Court to enter a judgment against the PBI Defendants and the SN Defendants in the amount of $11,564,520 plus interest and costs, award BGX its attorneys' fees, costs, and expenses, and grant such other and further relief as this Court deems proper.

### COUNT II
### MONEY HAD AND RECEIVED
### (against the PBI Defendants and the SN Defendants)

29. BGX realleges and incorporates the allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

30. The purpose of BGX's Payment to the PBI Defendants and the SN Defendants was to purchase medical goods.

31. The PBI Defendants and the SN Defendants had knowledge of the Payment and its purpose.

32. The PBI Defendants and the SN Defendants coercively and in bad faith accepted and retained the Payment without providing the medical goods.

33. The PBI Defendants and the SN Defendants refusal to return the Payment is unreasonable and unconscionable.

34. The PBI Defendants and the SN Defendants have unjustly deprived BGX of its ownership of the Payment

35. In equity and good conscience, the PBI Defendants and the SN Defendants must return the Payment to BGX.

WHEREFORE, BGX respectfully asks the Court to enter a judgment against the PBI Defendants and the SN Defendants in the amount of $11,564,520 plus

interest and costs, award BGX its attorneys' fees, costs, and expenses, and grant such other and further relief as this Court deems proper.

## JURY TRIAL DEMANDED

BGX hereby demands a jury trial on all issues so triable.

Dated: June 15, 2021

Respectfully Submitted,

*[signature]*

**Adam C. Losey, Esq.**
Florida Bar No. 69658
Primary: alosey@losey.law
Secondary: docketing@losey.law
**Robert J. Rubin, Esq.**
Florida Bar No. 113393
Primary: rrubin@losey.law
**Losey PLLC**
1420 Edgewater Dr.
Orlando, FL 32804
Telephone: (407) 906-1605
*Trial Counsel for Plaintiff BGX E-Health LLC*