# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BGX E-HEALTH LLC,

        Plaintiff,

v.                                    Case No:   6:21-cv-1022-WWB-LHP

DARREN NEIL MASTERS, JOHN
LUMLEY, GRANITE INVESTMENT
GLOBAL US LLC, SN-SCP LLC, CW
FINANCIAL CONSULTING LLC and
BLUE TRIANGLE CAPITAL LLC,

        Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:**  **PLAINTIFF'S SECOND RENEWED MOTION FOR DEFAULT JUDGMENT AND MEMORANDUM OF LAW (Doc. No. 44)**
>
> **FILED:**     **July 6, 2022**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

## I.     INTRODUCTION.

On June 15, 2021, Plaintiff BGX E-Health LLC ("BGX") filed a complaint against Defendants Darren Neil Masters ("Masters"), John Lumley ("Lumley"), Granite Investment Global US LLC ("Granite"); SN-SCP LLC ("SN-SCP"); CW Financial Consulting LLC ("CW"), and Blue Triangle Capital LLC ("Blue"), (collectively, the "SN Defendants"), as well as Paulo Jorge Meirim Rodrigues Branco ("Branco"), PBI Commodity Traders LTD ("PBI Traders"), and PBI Commodity Brokers K2018447557 ("PBI Brokers") (collectively, the "PBI Defendants").  Doc. No. 1.  The complaint asserts claims against all Defendants for unjust enrichment (Count I) and money had and received (Count II).  *Id.*, at 5-7.

On June 30, 2021 and July 7, 2021, BGX filed returns of service as to the SN Defendants.   Doc. Nos. 15-20. [1]   Despite being served with process, the SN Defendants did not answer or otherwise respond to the complaint, and the time to do so has expired.   Accordingly, on BGX's motion, Clerk's defaults were entered

---

[1] To date, BGX has not filed returns of service for the PBI Defendants, or otherwise suggested that the PBI Defendants have been properly served.   As such, on January 10, 2022, BGX filed a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) against the PBI Defendants.   Doc. No. 37.   The Court dismissed without prejudice the claims against the PBI Defendants on January 14, 2022.   Doc. No. 39.

against these Defendants on July 21, 2021 and July 28, 2021.   Doc. Nos. 21-28.   The SN Defendants sought to set aside the Clerk's defaults, which the Court denied without prejudice on August 5, 2021 for a multitude of reasons.   Doc. Nos. 30-31. The SN Defendants never filed a renewed motion, therefore the Clerk's defaults remain valid and enforceable.

On July 30, 2021, BGX moved for default judgment against the SN Defendants. Doc. No. 29. The Court denied that motion without prejudice on December 27, 2021, because: (1) BGX did not properly establish this Court's subject matter jurisdiction; (2) BGX did not sufficiently allege personal jurisdiction over Lumley; (3) the motion failed to address why BGX was only seeking default judgment against some defendants and not others; (4) the motion did not specify whether BGX was able to seek default judgment against Masters due to the then-pending bankruptcy proceedings; and (5) the motion sought recovery under both unjust enrichment and money had and received without sufficiently addressing whether such alternative relief was permitted under law.   Doc. No. 35.

On January 10, 2022, BGX filed a renewed motion for default judgment regarding the SN Defendants.   Doc. No. 38.   The Court denied that motion without prejudice because it improperly sought to incorporate by reference the previously denied motion for default judgment, and exceeded the 25-page limit.

Doc. No. 43.   The Court afforded BGX until July 6, 2022 to file a renewed motion of no more than 30-pages in length.   *Id.*

BGX timely filed a second renewed motion.   Doc. No. 44.   Defendants have not filed a response in opposition, and the time for doing so has expired.   *See* Local Rule 3.01(c).   The second renewed motion for default judgment has been referred to the undersigned, and the matter is ripe for review.   Upon review however, the motion remains deficient for two reasons.

## II.   STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Fed. R. Civ. P. 55(a).   Once a Clerk's default has been entered, a plaintiff may apply for a default judgment to either the Clerk or the Court.   Fed. R. Civ. P. 55(b).   "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'"   *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Eleventh Circuit has interpreted "a sufficient basis" as "being akin to . . . surviv[ing] a motion to dismiss for failure to state a claim."   *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   *See also Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[2]

In addition to stating a plausible claim for relief, the movant must ensure that the court has jurisdiction over the parties.   *Schwartz v. Fontana*, No. 8:16-cv-914-T-30AAS, 2016 WL 4272213, at *1 (M.D. Fla. Aug. 15, 2016).   "All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted."   *Id.* (citing *Nishimatsu*, 515 F.2d at 1206).   *See also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.") (quotation omitted).

## III.   ANALYSIS

   *1.    Subject Matter Jurisdiction.*

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.   *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

BGX alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.   Doc. No. 1, at ¶ 12.   The complaint sufficiently alleges that the amount in controversy exceeds the statutory threshold.   *Id.*, at ¶¶ 12-21.   However, in the Court's December 27, 2021 Order, the Court found that BGX had not sufficiently alleged the citizenship of each of the SN Defendants, and directed BGX to adequately establish, with evidence in support, the citizenship of each of the SN Defendants.   Doc. No. 35, at 6-9.

In the second renewed motion BGX has presented evidence that adequately establishes that Masters is a citizen of Florida.   Doc. No. 44, at 7-8 (citing Doc. No. 30-1 and Doc. No. 44-7); *see also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2011) (allowing defective allegations regarding citizenship to be cured through record evidence).   Moreover, because at the time BGX filed its complaint, Masters was the sole member of both Granite and SN-SCP, LLC, BGX has also adequately established the citizenship of Granite and SN-SCP, LLC.   *See* Doc. No. 1, ¶¶ 5-6; Doc. No. 44, at 10-14 (citing Doc. Nos. 44-4, 44-12 through 44-19).   *See also Hedgecock v. First Coast Service Options, Inc.*, No. 3:18-cv-1456-J-34-PDB, 2018 WL 6528138, at *1 (M.D. Fla. Dec. 12, 2018) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)) ("The Eleventh Circuit has recognized that, for purposes of establishing diversity jurisdiction, 'a limited liability company

is a citizen of any state of which a member of the company is the citizen.'"); *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000) ("Diversity of the parties is determined at the time that the complaint is filed . . . .") (citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)); *see also PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) ("Notably, diversity jurisdiction is measured at the time the action is filed.") (citation omitted).

BGX has also adequately established that CW is a citizen of Florida. Specifically, BGX has presented evidence that at the time it filed its Complaint, CW was a two-member LLC.   Doc. No. 44, at 14-16 (citing Doc. Nos. 44-20, 44-21).   One of CW's members was Masters, who BGX has adequately established to be a citizen of Florida.   *Id.*, at 7-8, 14-16.   The other member was an individual by the name of Thomas Ledbetter.   *Id.,* at 14-16.   Through the evidence provided, BGX has adequately established that Thomas Ledbetter is a citizen of Florida.   *Id.* (citing Doc. Nos. 44-20 through 44-25).   Because BGX has established the citizenship of both of CW's members, the Court finds that BGX has also adequately established that CW is a citizen of Florida.   *Rolling Greens MHP, L.P.*, 374 F.3d at 1022 ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."); *Flintlock Const. Services, LLC v. Well-Come Holdings, LLC,* 710 F.3d 1221, 1224 (11th Cir. 2013) (finding diversity exists after determining, among other things, that appellant was an LLC comprised of three members and determining that the

members' citizenship was diverse from the other parties).   *See also PTA-FLA, Inc.*, 844 F.3d at 1305.

This is where BGX's success ends, however, as the Court finds that BGX has not adequately established the citizenship of Lumley and Blue such that diversity jurisdiction exists.

"The citizenship of an individual is determined by his or her 'domicile,' *i.e.*, the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002).   "A party's 'domicile' rather than his or her residence, is determinative of citizenship for diversity jurisdiction." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007).   Moreover, "[d]omicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."   *Harter v. Norcold, Inc.*, No. 8:19-cv-1547-T-36SPF, 2019 WL 12496308, at *1 (M.D. Fla. June 28, 2019) (citing *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011)).   "To determine domicile, courts may consider: (1) voting registration and voting practices; (2) location of personal and real property; (3) location of brokerage and bank accounts; (4) membership in unions, fraternal organizations, churches, clubs and other associations; (5) place of employment or business; (6) driver's license and

automobile registration; and (7) payment of taxes." *Mock v. Unitedhealthcare Ins. Co.*, No. 6:17-cv-46-Orl-37TBS, 2017 WL 7731956, at *1 (M.D. Fla. Feb. 1, 2017). *See also Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (listing factors to consider in determining domicile to include "the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in local organizations, and sworn statements of intent.").

With respect to Lumley, BGX points to:   (i) articles of incorporation for Blue that list Lumley's address as 21 Limerick Street, Apt. # 1, Stamford, Connecticut, 06902; (ii) a screenshot of Lumley's LinkedIn profile listing Stamford, Connecticut as his location; (iii) a copy of a complaint and answer from a 2018 action in the Eastern District of Pennsylvania – *SEI Investments Co. v. Lumley*, 2:18-cv-02978-JS – in which Lumley was a defendant, and in which he admitted that his "*residence* is located at 29 Flint Rock Road, Stamford, CT 06903" (emphasis added); and (iv) correspondence attached as exhibits to the complaint in the 2018 action which was addressed to Lumley at an address in Stamford, Connecticut.   Doc. No. 44, at 8-9; *see also* Doc. No. 44-2, at ¶¶ 5, 8-10; Doc. Nos. 44-6, 44-9, 44-10, 44-11.

While these documents may be sufficient to establish Lumley's residence, they are insufficient to establish Lumley's domicile.[3]   *See, e.g., Black Swan Mgmt and Consulting,* No. 6:17-cv-2212-Orl-41KRS, 2018 WL 1748265, at *2-4, n.3 (M.D. Fla. Jan. 19, 2018) (finding that Plaintiff failed to establish that defendants were citizens of New York for purposes of diversity jurisdiction where Plaintiff submitted evidence that one defendant held a law license in New York and utilized various New York addresses for service of process, while another defendant owned real property in New York, and noting that Plaintiff did not submit "the type of evidence that is often used to establish domicile—such as being registered to vote or holding a driver's license in a state."); *Mock,* 2017 WL 7731956, at *1 (finding the following evidence established plaintiff's place of residence, but was insufficient to establish plaintiff's domicile in North Carolina: (1) plaintiff changed her address on insurance policy to residence in North Carolina; (2) defendant's receipt of medical bills from Plaintiff from two medical facilities with North Carolina addresses; (3) correspondence from plaintiff's son that plaintiff resides in North Carolina; and (4)

---

[3] Even if the Court were to take judicial notice of Lumley's answer in the 2018 litigation – a request that BGX has not made – it would not get BGX where it needs to be.   Lumley's answer merely admits to *residence*, not to domicile or citizenship.   *See* Doc. No. 44-11, at ¶ 7.

the lack of documentary evidence establishing that plaintiff has either changed her address or no longer resides in North Carolina) (citations omitted).[4]

This absence of evidence as to Lumley also defeats BGX's attempts to establish Blue's citizenship.   BGX states that Blue has three members – Masters, Lumley, and Jeffrey M. Greenman.   Doc. No. 44, at 17-18.   Given that the Court is unable to determine Lumley's citizenship at present, it necessarily follows that the Court also cannot determine Blue's citizenship.   *Rolling Greens MHP, L.P.*, 374 F.3d at 1022; *Hedgecock*, 2018 WL 6528138, at *1.

Moreover, BGX also has not sufficiently established the citizenship of Blue's third member, Jeffrey M. Greenman.   Doc. No. 44, at 17.   BGX alleges in the complaint that Greenman is a citizen of New York and makes the same argument in its renewed motion for default judgment.   Doc. No. 1, at ¶ 8; Doc. No. 44, at 17. However, BGX's allegation of "upon information and belief" that Greenman is a citizen of New York is insufficient, *see* Doc. No. 35, at 6-9, and in the present motion,

––––––––––––––––––––

[4] Plaintiff relies on *Fuller v. Home Depot Servs., LLC*, No. 1:07-cv-1268-RLV, 2007 WL 2345257, at *3 (N.D. Ga. Aug. 14, 2007) and *McCormick*, 293 F.3d at 1257-58 for the proposition that absent contrary evidence, a person's place of residence is their domicile.   Doc. No. 44, at 9, 17. Both cases are distinguishable.   In *Fuller*, domicile was established by producing out-of-state driver's licenses and billing addresses for some of the putative class members.   *Fuller*, 2007 WL 2345257, at *3.   And in *McCormick*, plaintiff's Florida domicile was established with evidence showing that plaintiff was the majority owner and CEO of an entity in Panama City, Florida, possessed a Florida driver's license, was registered to vote in Florida, and paid Florida income taxes.   *McCormick*, 293 F.3d at 1258.   No such evidence exists in the present case, and therefore BGX's reliance on these cases is not persuasive.

BGX only points to one piece of evidence – Greenman's address listed in the Articles of Incorporation for Blue – to support BGX's claim that Greenman is a citizen of New York.   Doc. No. 44, at 17; *see also* Doc. No. 44-6.   As previously discussed, this evidence does not establish Greenman's citizenship.   *See, e.g., Black Swamn Mgmt and Consulting,* 2018 WL 1748265, at *2-4; *Mock,* 2017 WL 7731956, at * 1; *Smith,* 991 F.3d at 1149.   Thus, BGX has not established the citizenship of Blue.   *Rolling Greens MHP, L.P.,* 374 F.3d at 1022; *Hedgecock,* 2018 WL 6528138, at *1; *Transportation Alliance Bank Inc. v. Trax Air, LLC,* No. 6:16-cv-1773-Orl-40DCI, 2017 WL 7355309, at *4 (M.D. Fla. Nov. 20, 2017) (finding that, and allegation of "upon information and belief" insufficient to establish a party's citizenship, and because the Court was unable to determine the citizenship of the LLC members, the Court was unable to determine the citizenship of the LLC itself).

For these reasons, the Court finds that BGX has not yet demonstrated that the parties are completely diverse, and thus it is not clear whether this Court has subject matter jurisdiction over the action.   The Court will give BGX one final opportunity to establish, with evidence in support, the citizenship of each of the Defendants. *See Travaglio,* 735 F.3d at 1270; *Mock,* 2017 WL 7731956, at * 1.

2.   *Personal Jurisdiction*

The Court also previously noted its concerns about whether it has personal jurisdiction over Lumley, who BGX is suing in his individual capacity.   Doc. No.

35, at 10-11; *see also* Doc. No. 1, at ¶ 3.   In its renewed motion, BGX argues that this Court has personal jurisdiction over Lumley through multiple sections of Florida's long-arm statute:   Fla. Stat. § 48.193(1)(a)(1), (6), and (7).   Doc. No. 44, at 20. Those provisions provide as follows:

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1.   Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 6.   Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either;
>
>    a.   The defendant was engaged in solicitation or service activities within this state; or;
>
> 7.   Breaching a contract in this state by failing to perform acts required by the contract in this state.

Fla. Stat. § 48.193(1)(a)(1), (6), (7).

BGX argues that Lumley was the main point of contact in executing the underlying contract at issue in this case, and that Lumley communicated with BGX's agent "in excess of 100 times, including several communications directed into the state of Florida."   Doc. No. 44, at 21 (citing Doc. No. 44-1, at ¶ 10).   However, BGX also confusingly states that: (i) Lumley (and Masters) were acting both as

"independent principals and through [Blue];" (ii) "Lumley, Masters and [Blue] did not complete all the financial transactions . . ." (iii) BGX transferred $11,564,520.00 to SN-SCP's Florida bank account; and (iv) "Lumley provided services personally and through [Blue] in Florida."   Doc. No. 44, at 20-22.

Based on these somewhat conflicting representations, it is unclear whether Lumley was acting solely in his capacity as a member of Blue, solely in his individual capacity, or some combination of both.   Without clarification of this issue, the Court cannot determine whether it has personal jurisdiction over Lumley. *See, e.g., Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 628 (11th Cir. 1996) ("While a corporation itself may be subject to jurisdiction when it transacts business through its agents operating in the forum state, unless those agents transact business on their own account in the state, as opposed to engaging in business as representatives of the corporation, they are not engaged in business so as to be individually subject to the state's long-arm statute."); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) ("Florida courts have held that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer.") (citations omitted); *see also Goldberg v. U.S.*, No. 13-61528-CIV, 2014 WL 2573060, at *4-5 (S.D. Fla. June 9, 2014) (same).

BGX's reliance on Fla. Stat. § 48.193(1)(a)(6) fails for an additional reason.   "It is well settled that allegations of economic injury alone do not establish the type of injury to persons or property within Florida required to establish personal jurisdiction pursuant to Section 48.193(1)(a)(6)."   *Leon v. Continental AG*, 301 F. Supp. 3d 1203, 1216 n.7 (S.D. Fla. 2017).   Here, the complaint only alleges economic injuries and does not allege injuries to a person or property in order to establish jurisdiction over Lumley by Section 48.193(1)(a)(6).   Doc. No. 1, at ¶ 15-21.   And BGX's reliance on Fla. Stat. § 48.193(1)(a)(7), which establishes personal jurisdiction for a cause of action arising out of a breach of contract, is also unavailing at this time.   *See* Doc. No. 44, at 20-21.   Specifically, BGX has not asserted any breach of contract claims in this case, and has not asserted any facts, presented any evidence, or made any argument that Lumley breached any contract in Florida, and has provided no argument or legal authority establishing that Fla. Stat. § 48.193(1)(a)(7) can be used to create personal jurisdiction over the claims actually asserted in this case (unjust enrichment and money had and received).

BGX bears the burden of establishing, at minimum, a prima facie case of personal jurisdiction over each Defendant.   *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) ("A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.").   BGX has

not met that burden.   *See Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210 (11th Cir. 2009) (reversing and vacating entry of default judgment where personal jurisdiction over defendants did not exist).   However, given that the Court is affording BGX one final opportunity to establish subject matter jurisdiction, the Court will also permit BGX one final opportunity to establish personal jurisdiction for Lumley.[5]

## IV.   CONCLUSION

For the reasons discussed above, BGX's Second Renewed Motion for Default Judgment (Doc. No. 44) is **DENIED without prejudice**.   The Court has now provided BGX three opportunities to file a properly supported motion for default judgment.   And while the Court previously stated that it was not inclined to provide any further opportunities, the Court will give BGX one more chance to get it right.   It is therefore **ORDERED** that **on or before November 4, 2022**, BGX shall file a renewed motion of no more than **30 pages** demonstrating that default judgment against the SN Defendants is proper.   As before, any renewed motion

_____

[5] With respect to the question of personal jurisdiction over Lumley, the Court notes BGX's alternative request that Lumley be dismissed without prejudice so that BGX may file a claim against Lumley in the future.   Doc. No. 44, at 22.   The Court declines this alternative request and does not speak to whether BGX would be able to file a claim against Lumley in a separate future action.   However, if BGX no longer wishes to pursue any claims against Lumley at this time, BGX is free to file a notice of dismissal pursuant to Fed. R. Civ. P. 41.   Otherwise, BGX may attempt to establish personal jurisdiction over Lumley in the renewed motion.

must address all issues – including those identified in this and prior Court Orders – in one document.   BGX shall not refer back or incorporate any arguments or evidence previously submitted.   The renewed motion must stand on its own.

      **DONE** and **ORDERED** in Orlando, Florida on October 17, 2022.

 

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties