# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BGX E-HEALTH LLC,

        Plaintiff,

v.                                Case No:   6:21-cv-1022-WWB-LHP

DARREN NEIL MASTERS, GRANITE
INVESTMENT GLOBAL US LLC, SN-
SCP LLC and CW FINANCIAL
CONSULTING LLC,

        Defendants

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:**   **PLAINTIFF, BGX E-HEALTH LLC'S THIRD
> RENEWED MOTION FOR FINAL DEFAULT
> JUDGMENT (Doc. No. 57)**
>
> **FILED:**    **January 23, 2023**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.     BACKGROUND.

On June 15, 2021, Plaintiff BGX E-Health LLC ("Plaintiff") filed a complaint against Defendants Darren Neil Masters ("Masters"), John Lumley ("Lumley"), Granite Investment Global US LLC ("Granite"); SN-SCP LLC ("SN-SCP"); CW Financial Consulting LLC ("CW"), and Blue Triangle Capital LLC ("Blue"), (collectively, the "SN Defendants"), as well as Paulo Jorge Meirim Rodrigues Branco ("Branco"), PBI Commodity Traders LTD ("PBI Traders"), and PBI Commodity Brokers K2018447557 ("PBI Brokers") (collectively, the "PBI Defendants").  Doc. No. 1.  The complaint asserts claims against all Defendants for unjust enrichment (Count I) and money had and received (Count II).  *Id.* at 5–7.  The complaint alleges that the PBI Defendants worked with Plaintiff to broker a deal between Plaintiff and the SN Defendants, by which Plaintiff deposited $11,564,520.00 in SN-SCP's bank account as payment for the purchase of medical goods.  *Id.* ¶¶ 13–15.  Shortly thereafter, SN-SCP, without authorization, distributed the funds to the PBI Defendants and SN Defendants, and both the PBI Defendants and the SN Defendants failed to provide the purchased medical goods to Plaintiff in return.  *Id.* ¶¶ 16–17.  Plaintiff has demanded return of the funds, to no avail.  *Id.* ¶¶ 18–20.  Plaintiff alleges that the PBI Defendants and the SN Defendants have taken and utilized the funds for unauthorized purposes or sent the funds outside of the United States.  *Id.* ¶ 20.

Since the filing of the complaint, Plaintiff has voluntarily dismissed its claims against several Defendants without prejudice, including all of the PBI Defendants and some of the SN Defendants.   Doc. Nos. 37, 39, 56, 58.   The only Defendants remaining include Masters, Granite, SN-SCP, and CW.   In the complaint, Plaintiff alleges that Masters is the sole member of Granite, SN-SCP, and CW.   Doc. No. 1 ¶¶ 5–7.[1]

Masters, Granite, SN-SCP, and CW were each served with a summons and the complaint.   Doc. Nos. 16–19.   But none of these Defendants timely appeared or responded.   On Plaintiff's motion, Clerk's defaults were entered against them. Doc. Nos. 21–25.   Masters filed a *pro se* motion to set aside the defaults on behalf of each of these Defendants, but the undersigned denied that motion without prejudice for failure to comply with the Local Rules and because Masters could not represent the interests of the business entities and other Defendants *pro se*.   Doc. Nos. 30–31.   A renewed motion was never filed, and thus, Masters, Granite, SN-SCP, and CW are still subject to Clerk's defaults.   *See* Doc. Nos. 22–25.

---

[1] Subsequent briefing demonstrated that CW had two members at the time the complaint was filed, Masters and Thomas Ledbetter, which is addressed *infra*.   *See* Doc. No. 57, at 8–9; Doc. No. 45, at 7–8.

Now before the Court is Plaintiff's third renewed request for default judgment against Masters, Granite, SN-SCP, and CW.   Doc. No. 57.[2]   The matter has been referred to the undersigned, and it is ripe for review.[3]

## II.   STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.   First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.   Fed. R. Civ. P. 55(a).   Second, after obtaining clerk's default, the plaintiff must move for default judgment.   Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.   *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200,

---

[2] The undersigned denied Plaintiff's previous motions for default judgment without prejudice for various reasons, including failure to establish both subject matter jurisdiction based on diversity of citizenship and personal jurisdiction, and failure to adequately address the claims for which Plaintiff sought default judgment.   *See* Doc. Nos. 29, 35, 38, 43–45.   As discussed below, Plaintiff has rectified these deficiencies by the present motion against the 4 remaining Defendants.

[3] No party has responded to the motion, however it appears that the motion was not served on any parties given the lack of a certificate of service.   Doc. No. 57.   This is of no moment, as Fed. R. Civ. P. 5(a)(2) provides that service of motions is not required upon a party that is in default for failure to appear.

1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). [4]   Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment.   *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

A complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   This analysis applies equally to motions for default judgment.   *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

If the plaintiff is entitled to default judgment, then the Court must consider whether the plaintiff is entitled to the relief requested in the motion for default judgment.  If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion

---

[4] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.   *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

for default judgment.  *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008).   Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages.  *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985).   However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages."  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  *See also Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

## III.   ANALYSIS.

### A.   Jurisdiction.

Plaintiff alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  Doc. No. 1 ¶ 12. The complaint sufficiently alleges that the amount in controversy exceeds the jurisdictional threshold.  *Id.* at 6–7.  And after several failed attempts, Plaintiff has now demonstrated that the remaining parties are diverse in citizenship, in that Plaintiff is a citizen of Canada, and Masters, Granite, SN-SCP, and CW are all

citizens of Florida.   *See* Doc. No. 57, at 5–9 (and supportive evidence cited therein). *See also* Doc. No. 45, at 6–7 (in context of prior motion for default judgment, detailing why the same evidence was sufficient to establish citizenship).[5]   Accordingly, the Court has subject matter jurisdiction under 28 U.S.C. § 1332.

Plaintiff also adequately alleges personal jurisdiction over each remaining Defendant, in that they are all citizens of Florida.   *See generally Klayman v. Cable News Network*, No. 22-12480, 2023 WL 2027843, at \*2 (11th Cir. Feb. 16, 2023) (explaining that a defendant would be subject to general personal jurisdiction in Florida if it is a citizen of the state pursuant to Fla. Stat. § 48.193(2)).[6]   *See also* Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.").

B.   <u>Clerk's Default</u>.

Masters was personally served with a copy of the summons and complaint on June 28, 2021.   Doc. No. 17.   The same day, Granite, SN-SCP, and CW were all

---

[5] In the complaint, Plaintiff alleges that Masters is the sole member of CW.   Doc. No. 1 ¶ 7.   However, subsequent briefing demonstrated that CW had two members when the complaint was filed, Masters and Thomas Ledbetter, but Plaintiff demonstrated by subsequent evidence that Masters and Ledbetter are both citizens of Florida, rendering CW a citizen of Florida as well.   Doc. No. 57, at 8–9; Doc. No. 45, at 7–8.   *See also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").

[6] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

served by delivering a copy of the summons and complaint to Masters, as the registered agent.    Doc. Nos. 16, 18–19.   Defendants had twenty-one days from the date of service to respond to the complaint, but did not.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).   Accordingly, the Clerk properly entered defaults against them.   *See* Fed. R. Civ. P. 55(a); Doc. Nos. 22–25.

 C. <u>Liability</u>.

 As discussed above, the complaint contains two claims:   unjust enrichment (Count I) and money had and received (Count II).   *Id.* at 5–7.   Under Florida law, these claims are the same.  *See Pincus v. Am. Traffic Sols., Inc*, 986 F.3d 1305, 1317 n.13 (11th Cir. 2021) ("Under Florida law, 'money had and received' is synonymous with unjust enrichment and restitution." (citing *Kelly v. Palmer, Reifler & Assocs., P.A.*, 681 F. Supp. 2d 1356, 1384 (S.D. Fla. 2010))); *Lawrence v. FPA Villa Del Lago, LLC*, No. 8:20-cv-1517-VMC-JSS, 2021 WL 2144758, at *6 (M.D. Fla. Mar. 4, 2021) (stating that "[u]nder Florida law, an action for money had and received 'is the equivalent to an action for unjust enrichment.'" (quoting *Targia v.U.S. All. Mgmt. Corp.*, No. 02-23055-CIV, 2003 WL 23312749, at *4 (S.D. Fla. Nov. 14, 2003))); *James D. Hinson Elec. Contracting Co. v. BellSouth Telecomms., Inc.*, 275 F.R.D. 638, 646 (M.D. Fla. 2011) ("Under Florida law, the elements of a claim for unjust enrichment and

money had and received are the same." (citing *Kelly v. Palmer, Reifler, & Associates, P.A.*, 681 F. Supp. 2d 1356, 1359 (S.D. Fla. 2010))).[7]

Plaintiff appears to recognize this, and requests default judgment only on the unjust enrichment claim.   Doc. No. 57, at 10.   Accordingly, given that the claim for money had and received is redundant of the unjust enrichment claim, and Plaintiff appears to have abandoned its claim for money had and received, I will recommend that the claim for money had and received (Count II) be dismissed.   *See, e.g., Virgilio v. Ryland Grp., Inc.*, No. 6:08-cv-815-Orl-31GJK, 2009 WL 320857, at *6 (M.D. Fla. Feb. 9, 2009) ("The reasoning applicable to Plaintiffs' claim for unjust enrichment applies equally to Plaintiffs' claim for money had and received.   However, because this claim is redundant of Plaintiffs' claim for unjust enrichment, [it] will be dismissed with prejudice." (citation omitted)).

"A claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof."   *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (citing *Fla. Power Corp. v. City of Winter*

---

[7] Plaintiff applies Florida law to this case, and there is nothing in the record to suggest that any other forum's substantive law should apply.

*Park,* 887 So. 2d 1237, 1241 n.4 (Fla. 2004)).   "The doctrine operates to imply a contract where none otherwise exists so as to ensure equity between the parties." *T.T. Int'l Co. v. BMP Int'l, Inc.,* No. 8:19-cv-2044-CEH-AEP, 2023 WL 1514347, at *16 (M.D. Fla. Feb. 3, 2023).[8]

In the complaint, Plaintiff alleges that it conferred a benefit on Defendants when it deposited $11,564,520.00 into SN-SCP's bank account as payment for the purchase of medical goods, which SN-SCP then distributed to the other SN Defendants.   Doc. No. 1 ¶¶ 14–16.   Plaintiff further alleges that Defendants knew about the payment and failed to either provide the purchased medical goods or return the payment to Plaintiff upon Plaintiff's demand, and instead Defendants have taken and utilized some of the payment funds for unauthorized purposes.   *Id.* ¶¶ 17–20.   Plaintiff alleges that Defendants have unjustly deprived Plaintiff of its ownership of the $11,564,520.00, and that it would be inequitable for Defendants to retain the payment without having provided Plaintiff the medical goods it purchased.   *Id.* ¶¶ 23–28.

---

[8] Although Plaintiff references a "written agreement" in the motion for default judgment, Doc. No. 57, at 2, there are no allegations in the complaint about a written agreement or that a contract exists between the parties.   *Cf. Ocean Communs., Inc. v. Bubeck,* 956 So. 2d 1222, 1225 (Fla. 4th Dist. Ct. App. 2007) ("[A] plaintiff cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists.").

Masters, Granite, SN-SCP, and CW admit these allegations by virtue of their defaults.  *See Nishimatsu*, 515 F.2d at 1206.   And I find that these allegations are sufficient to establish an unjust enrichment claim.  *See, e.g., Gov't Emps. Ins. Co. v. Sosa*, No. 8:21-cv-2556-VMC-JSS, 2022 WL 18661398, at *7 (M.D. Fla. Dec. 29, 2022), *report and recommendation adopted*, 2023 WL 240000 (M.D. Fla. Jan. 18, 2023) (default judgment proper on unjust enrichment claim where the plaintiffs alleged that they conferred a benefit on the defendants (there, by paying non-reimbursable claims), the defendants accepted and retained the fraudulently induced payments, and it would have been inequitable to allow the defendants to retain those payments); *Five Star Life Ins. Co. v. Simpson*, No. 3:15-cv-483-J-32JRK, 2015 WL 9582552, at *4 (M.D. Fla. Nov. 25, 2015), *report and recommendation adopted*, 2015 WL 9488952 (M.D. Fla. Dec. 30, 2015) (default judgment proper on unjust enrichment claim where the complaint alleged that two defendants collectively wrongfully and through deceit accepted and retained payment of death benefits to which they were not entitled); *HostLogic Zrt. v. GH Int'l, Inc.*, No. 6:13-cv-982-Orl-36KRS, 2014 WL 2968279, at *8 (M.D. Fla. June 30, 2014) (finding entitlement to default judgment on unjust enrichment claim where complaint alleged that plaintiff wired money to defendant's account, defendant voluntarily accepted and retained the funds, and plaintiff received nothing of value from defendant in exchange for the benefit conferred); *McMahan v. Barker*, No. 6:06-cv-248-Orl-28KRS, 2008 WL 68595, at *8

(M.D. Fla. Jan. 4, 2008) ("Plaintiffs conferred a benefit by paying $480,000.00 to Barker's lawyer, who distributed the money to Barker, himself and others.   Barker retained the funds under conditions that make it inequitable for him to do so. Therefore, the allegations of the complaint are sufficient to establish that Barker has been unjustly enriched.").   Accordingly, I will recommend that the Court enter default judgment on Count I of the complaint.

        D.    <u>Damages</u>.

As discussed above, the complaint alleges that Defendants were unjustly enriched in the sum certain amount of $11,564,520.00.   Doc. No. 1 ¶ 15.   This is the amount that Plaintiff seeks by default judgment.   Doc. No. 57, at 13.   In support, Plaintiff submits a declaration from Aurelio Useche, the CEO and founder of Relevium Technologies.   Doc. No. 57-4.   Relevium Technologies is the sole member of BGX E-Health LLC and Mr. Useche is Plaintiff's registered agent.   *Id.* ¶¶ 3-4.   Mr. Useche avers that in furtherance of the agreement between Plaintiff and Defendants regarding the medical goods transaction, Plaintiff deposited $11,564,520.00 in SN-SCP's bank account in Naples, Florida, with the third and final deposit occurring on November 24, 2020.   *Id.* ¶¶ 5–7.   Mr. Useche further avers that Plaintiff never received the medical goods for which it paid, nor have Defendants returned the funds.   *Id.* ¶¶ 8–10.

Upon consideration, I find Plaintiff's evidence sufficient to establish damages, and thus will recommend that the Court award Plaintiff a total of $11,564,520.00 on the unjust enrichment claim.   *See, e.g.*, *Absolute Marine Towing & Salvage, Inc. v. S/V INIKI*, No. 6:09-cv-1712-Orl-31KRS, 2011 WL 1656750, at *2 (M.D. Fla. Apr. 13, 2011), *report and recommendation adopted*, 2011 WL 1656506 (M.D. Fla. Apr. 28, 2011) (awarding damages by default judgment on the plaintiff's affidavit from its president evidencing amount of damages).[9]

---

[9] As discussed above, this case was initially brought against 9 Defendants, and only 4 SN Defendants—Masters, Granite, SN-SCP, and CW—remain.   The complaint alleges that the SN Defendants collectively entered into a deal with Plaintiff for the purchase of medical goods, a part of which deal Plaintiff deposited the $11,564,520.00 in SN-SCP's bank account, and SN-SCP thereafter distributed the funds to the SN Defendants., who failed to fulfill the agreement or return the funds.   Doc. No. 1 ¶¶ 13–19.   Given that the complaint alleges that the SN Defendants acted collectively, it is appropriate to enter judgment against them jointly and severally.   *See, e.g.*, *Sosa*, 2022 WL 18661398, at *10, *report and recommendation*, 2023 WL 240000 (M.D. Fla. Jan. 18, 2023) (imposing joint and several liability on multi-defendant unjust enrichment claim); *Simpson*, 2015 WL 9582552, at *5, *report and recommendation adopted,* 2015 WL 9488952 (M.D. Fla. Dec. 30, 2015) (same); *Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1334 (S.D. Fla. 2009) (finding joint and several liability proper on unjust enrichment state law claim because "under Florida law, '[j]oint and several liability exists where two or more wrongdoers negligently contribute to the injury of another by their several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable,'" and "where Defendants each filled a defined role in an ongoing fraudulent enterprise that contributed to the damages incurred by Plaintiffs, it is appropriate to impose joint and several liability" (quoting *Albertson's, Inc. v. Adams*, 473 So. 2d 231, 233 (Fla. 2d Dist. Ct. App. 1985)))).   *See also State Farm Mut. Auto. Ins. Co. v. Brown*, No. 16-80793-CIV, 2017 WL 1291995, at *7 (S.D. Fla. Mar. 30, 2017) ("When defendants act in concert to unjustly obtain benefits, each can be held to have been unjustly enriched by virtue of the benefit derived from the scheme, even if the benefit was not conferred on them directly.").

E.     Prejudgment Interest.

Plaintiff requests prejudgment interest from November 24, 2020 through the date of entry of final default judgment.   Doc. No. 57, at 11.   "[U]nder Florida law, 'a plaintiff is entitled to prejudgment interest as a matter of law.'"   *Sosa*, 2022 WL 18661398, at *10, *report and recommendation adopted*, 2023 WL 240000 (M.D. Fla. Jan. 18, 2023) (quoting *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007)). Accordingly, I will recommend that the Court award Plaintiff prejudgment interest from the date of the alleged loss—November 24, 2020.   *See Wiand v. Lee*, 753 F.3d 1194, 1205 (11th Cir. 2014) ("Florida courts have awarded prejudgment interest on . . . unjust enrichment claims as a matter of course."); *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1302 (S.D. Fla. 2016) ("Florida law is clear that a plaintiff is entitled to pre-judgment interest on an unjust enrichment claim.") (citing *Montage Grp., Ltd. v. Athle–Tech Comput. Sys., Inc.*, 889 So. 2d 180, 199 (Fla. 2d Dist. Ct. App. 2004) (holding that it was appropriate to award pre-judgment interest where "damages for unjust enrichment can be liquidated" to a certain date))).[10]

F.     Post-Judgment Interest.

Plaintiff further requests an award of post-judgment interest.   Doc. No. 1, at 6–7; Doc. No. 57, at 13.   An award of post-judgment interest is appropriate.   *See* 28

---

[10]  Prejudgment interest is calculated as set forth in Fla. Stat. §§ 55.03, 687.01.

U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").   *See also Whitwam v. JetCard Plus, Inc.*, No. 14-CIV-22320, 2014 WL 6433226, at *1 (S.D. Fla. Nov. 13, 2014) ("In a diversity case, the Eleventh Circuit has held that district court should apply the federal interest statute." (citing *Ins. Co. of N. Am. v. Lexow,* 937 F.2d 569, 572 (11th Cir. 1991))). Accordingly, I will also recommend that the Court award post-judgment interest.

     G.   <u>Costs</u>.[11]

     Plaintiff also seeks to recover $402.00 in taxable costs, for the filing fee.   Doc. No. 57, at 13; *see also* Doc. No. 57-4 ¶ 11.   The docket reflects that the filing fee was paid, and Plaintiff is entitled to its recovery.   *See* 28 U.S.C. § 1920(1).   *See also Fam. Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) ("Fees of the clerk and marshal include filing fees and are clearly taxable." (citations omitted)).   Accordingly, the undersigned recommends that Plaintiff be awarded costs in the amount of $402.00.

---

[11] Although Plaintiff makes a cursory reference to attorney's fees in its motion, *see* Doc. No. 57, at 10, Plaintiff does not further address attorney's fees, or set forth any contractual or statutory basis for an attorney fee award.   Accordingly, the undersigned does not further address attorney's fees, or recommend that any be awarded.

H.    <u>Post-Judgment Discovery</u>.

Finally, Plaintiff requests that the Court compel Masters, Granite, SN-SCP, and CW to complete a Form 1.977 Fact Information Sheet, including all required attachments, within 45 days of being served with the judgment.   Doc. No. 57, at 12.

A judgment creditor "may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located."   Fed. R. Civ. P. 69(a)(2).   Under Florida law, "the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or other such reasonable time as determined by the court."   Fla. R. Civ. P. 1.560(b). Although the Plaintiff is not yet a judgment creditor, it will be upon the entry of judgment and will be entitled to the requested relief.   The undersigned thus finds this request well taken.   *See, e.g.*, *PNC Bank, N.A. v. Starlight Props. & Holdings, LLC*, No. 6:13-cv-408-Orl-36KRS, 2014 WL 2574040, at *2 (M.D. Fla. June 9, 2014) (entering default judgment and requiring the judgment debtors to complete Form 1.977); *PNC Bank, N.A. v. Kimbrough & Assocs., LLC*, No. 6:13-cv-1558-Orl-28KRS, 2015 WL 327533, at *13 (M.D. Fla. Jan. 23, 2015) (same).

## IV.    RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1.     **GRANT** Plaintiff's Third Renewed Motion for Final Default Judgment (Doc. No. 57).

2.     **ENTER** default judgment in favor of Plaintiff and against Defendants Darren Neil Masters, Granite Investment Global US LLC, SN-SCP LLC, and CW Financial Consulting LLC, on Count I of the complaint, and **AWARD** Plaintiff a total amount of $11,564,520.00 in damages jointly and severally against Defendants Darren Neil Masters, Granite Investment Global US LLC, SN-SCP LLC, and CW Financial Consulting LLC, plus prejudgment interest, post-judgment interest, and $402.00 in costs.

3.     **DISMISS** Count II of the complaint with prejudice.

4.     **ORDER** Defendants Darren Neil Masters, Granite Investment Global US LLC, SN-SCP LLC, and CW Financial Consulting LLC to complete a Form 1.977 Fact Information Sheet and all required attachments within forty-five (45) days of entry of default judgment.

5.     **DIRECT** the Clerk of Court to close the file.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 17, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy