# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BGX E-HEALTH LLC,

        Plaintiff,

v.                                  Case No:   6:21-cv-1022-WWB-LHP

DARREN NEIL MASTERS, GRANITE
INVESTMENT GLOBAL US LLC, SN-
SCP LLC and CW FINANCIAL
CONSULTING LLC,

        Defendants

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   PLAINTIFF'S MOTION FOR ENTRY OF FINAL GARNISHMENT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 72)**
>
> **FILED:      August 18, 2023**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On May 10, 2023, the Clerk entered judgment in favor of Plaintiff BGX E Health, LLC ("Plaintiff"), and against Defendants Darren Neil Masters, Granite Investment Global US LLC, SN-SCP, LLC, and CW Financial Consulting LLC, jointly and severally, in the amount of $11,564,520.00.   Doc. No. 62.   *See also* Doc. Nos. 59, 61.   On June 26, 2023, Plaintiff moved for, and thereafter obtained a writ of garnishment against J.P. Morgan Chase & Co a/k/a Chase Bank ("Chase Bank"). Doc. No. 67 (filed *ex parte*).   *See also* Doc. Nos. 65–66 (filed *ex parte*).   Chase Bank timely filed an Answer, stating that it has set aside $10,000,065.00 in funds from accounts held by Granite Investment Global US LLC ("Granite") at Chase Bank. Doc. No. 68.   Plaintiff now moves for final judgment in garnishment against Chase Bank, in a motion referred to the undersigned.   Doc. No. 72.   None of the Defendants (including Granite) have responded to the motion, and the undersigned therefore considers it to be unopposed.   *See* Local Rule 3.01(c).   Despite the lack of opposition, however, the motion (Doc. No 72) is due to be denied without prejudice.

Pursuant to the Federal Rules of Civil Procedure, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1).   In Florida, after obtaining judgment, a plaintiff may move for issuance of a writ of garnishment.   Fla. Stat. § 77.03.   Once issued, the plaintiff must send to the defendant a copy of the writ of garnishment, the motion for writ

of garnishment, and, if the defendant is an individual, a "Notice to Defendant," as well as a claim exemption form.   Fla. Stat. § 77.041(2).   Upon answer to the writ of garnishment, the plaintiff must also serve on the defendant a copy of the garnishee's answer, and a notice that the defendant must move to dissolve the writ within 20 days after the date indicated on the certificate of service.   Fla. Stat. § 77.055.

"When a plaintiff demonstrates that the defendant was served with the statutorily required notices but failed to appear or otherwise respond to a writ of garnishment, the plaintiff meets the statutory requirements for a judgment of garnishment." *Nationwide Judgment Recovery, Inc. v. Stahl*, No. 6:22-mc-22-RBD-EJK, 2022 WL 17261695, at *1 (M.D. Fla. Nov. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 17718506 (M.D. Fla. Dec. 15, 2022).   The Florida garnishment statutes must be strictly construed.   *See Williams v. Espirito Santo Bank of Fla.*, 656 So. 2d 212, 213 (Fla. 3d Dist. Ct. App. 1995).

The Certificates of Service filed by Plaintiff state that Granite was served with a copy of the motion for writ of garnishment, the writ to Chase Bank, the order issuing the writ, Chase Bank's answer, and notification of the 20-day period to move to dissolve the writ.   Doc. Nos. 69–70.   The Certificates of Service further state that Granite was served via U.S. Mail that was sent c/o Darren Neil Masters, at 434 Trade Winds Ave., Naples, FL 34108.   *Id.*   A review of the docket establishes that at one point in time, Darren Masters was Granite's registered agent, *see* Doc. Nos.

18, 57-1, 59.   However, according to a review of the Florida Department of State Division of Corporations website shows that as of April 7, 2022, Granite's registered agent is now Eric T. Salpeter, Esq., with an address listed as c/o Salpeter Gitkin, LLP 3864 Sheridan Street Hollywood, FL 33021.[1]   The Certificates of Service do not mention this change, and the address at which Plaintiff mailed the Certificates of Service does not coincide with any address listed for either Granite or Masters in this case.   *See, e.g.,* Doc. Nos. 17–18, 57-1.   Plaintiff provides no explanation for this discrepancy in its motion.

As such, it is not clear at this time whether Plaintiff has fully complied with the requirements of Fla. Stat. § 77.041(2) or Fla. Stat. § 77.055, which must be strictly construed.   *See Williams*, 656 So. 2d at 213.   *See also Wiand for Valhalla Inv. Partners, L.P. v. Lee*, No. 8:10-cv-210-T-17MAP, 2013 WL 12198454, at *3 (M.D. Fla. Oct. 31, 2013) (dissolving writ of garnishment upon garnishor's failure to strictly comply with Fla. Stat. §§ 77.041, 77.055).   Accordingly, the motion (Doc. No. 72) is **DENIED WITHOUT PREJUDICE.**   Any renewed motion must provide an explanation — with attached evidence if necessary — whether Granite has, in fact, been properly

---

[1] Available at www.sunbiz.org/inquiry/corporationsearch/byname by placing "Granite Investment Global US, LLC" in the entity name field.

served with the required documents prior to the issuance of a final judgment of garnishment. *See also* Fla. Stat. § 77.07(5) (stating that a writ will automatically dissolve if a motion for final judgment is not filed within 6 months after filing the writ of garnishment).

      **DONE** and **ORDERED** in Orlando, Florida on October 13, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties